(subd [a], par [4]) (see *Bonito Mar. Corp. v St. Paul Mercury Ins. Co.,* 68 AD2d 864). No opinion. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MISTRULLI, Appellant. — Judgment, Supreme Court, Bronx County (Reinstein, J., at trial and sentence; Parness, J., at suppression hearing), rendered on December 22, 1981, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BLASE, Appellant. — Judgment, Supreme Court, Bronx County (Reinstein, J., at trial and sentence; Parness, J., at suppression hearing), rendered on December 22, 1981, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BELLUSCI, Appellant. — Judgment, Supreme Court, Bronx County (Reinstein, J., at plea and sentence; Parness, J., at suppression hearing), rendered on December 22, 1981, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.

■ BETTY H. ADAM, Appellant, v HILTON HOTELS CORP. et al., Respondents, et al., Defendants. — Order of the Supreme Court, New York County (Whitman, J.), entered on June 29, 1981, which granted the motion by defendants Hilton Hotels Corp. *et al.,* to compel plaintiff to accept defendants' answer and related papers, and order of the Supreme Court, New York County (Gomez, J.), entered on October 5, 1981, which granted defendants' motion to vacate the ex parte order of the court directing an inquest, are unanimously reversed, on the law, with costs and disbursements, the motion to compel is denied and the inquest order reinstated. Plaintiff, Betty Henriette Adam, in a complaint served upon defendant Hilton International Company on April 10, 1981, alleged that she was unlawfully assaulted, detained, and caused to be arrested while she was properly upon the premises of the Waldorf-Astoria, a hotel owned by the Hilton corporation. On May 18, 1981, 18 days after the time to respond had passed, William Kelly, a claims administrator employed at the Waldorf-Astoria, telephoned plaintiff's counsel. During that conversation, Kelly requested an extension of time on behalf of the corporate defendants to answer the complaint. Although the parties disagree as to what sort of understanding, if any, was reached, it appears that plaintiff's attorney was willing to extend defendants' time to respond on condition that a formal stipulation be signed wherein the defendants would acknowledge personal service of the summons and complaint. Further written and telephone communications ensued in connection with the instant action. However, the defendants did not accept the stipulation. It was not until June 15, 1981, some six weeks after the time to respond had expired, that Hilton finally served its answer. Plaintiff rejected it for untimeliness, and her subsequent application for an inquest was granted in an order (Ryp, J.), entered on June 25, 1981. That same day, Justice Whitman heard argument in connection with defendants' motion to compel acceptance of the answer and related discovery demands, which he granted in an order entered on June 29, 1981. Based on this authority, Justice Gomez granted defendants' motion to vacate the ex parte